DAVID B. LEWIS, Presiding Judge
/s/ Dana Kuehn-I dissent and join Judge Lewis.
DANA KUEHN, Vice Presiding Judge
/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Judge
/s/ Robert L. Hudson, Special Concur w/ writing
ROBERT L. HUDSON, Judge
/s/ Scott Rowland
SCOTT ROWLAND, Judge
HUDSON, J., SPECIALLY CONCUR:
¶ 1 I concur in today's Order. I write separately to expand upon the Court's holding that when a juvenile offender is convicted of multiple offenses, each sentence imposed should be analyzed separately under the Eighth Amendment. To hold otherwise would effectively give crimes away. See Pearson v. Ramos , 237 F.3d 881, 886 (7th Cir. 2001) ("[I]t is wrong to treat stacked sanctions as a single sanction. To do so produces the ridiculous consequence of enabling a prisoner, simply by recidivating, to generate a colorable Eighth Amendment claim."); see also O'Neil v. Vermont , 144 U.S. 323, 331, 12 S. Ct. 693, 696-97, 36 L.Ed. 450 (1892) (observing that "[i]f the penalty were unreasonably severe for a single offense, the constitutional question might be urged; but here the unreasonableness is only in the number of offenses which the respondent has committed."). The "Eighth Amendment analysis focuses on the sentence imposed for each specific crime, not on the cumulative sentence for multiple crimes." Hawkins v. Hargett, 200 F.3d 1279, 1285 n.5 (10th Cir. 1999). "If [Martinez] has subjected himself to a severe penalty, it is simply because he committed a great many [ ] offences." O'Neil, 144 U.S. at 331, 12 S. Ct. at 696-97.