DETWILER v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:DETWILER v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 DETWILER v. STATE
2019 OK CR 20
Case Number: PC-2018-723
Decided: 09/05/2019
SHAWN A. DETWILER, Petitioner v. THE STATE OF OKLAHOMA, Respondent.
Cite as: 2019 OK CR 20, __ __

 

 

OPINION DENYING POST-CONVICTION RELIEF

HUDSON, JUDGE:

¶1 Before the Court is Petitioner Shawn A. Detwiler's application for post-conviction relief, appealing the Garfield County District Court's denial of post-conviction relief in the following cases:

CF-1996-244: Count 1--Burglary in the Second Degree; Count 2--Knowingly Concealing Stolen Property; and Counts 3 and 4--Unauthorized Use of a Motor Vehicle. Petitioner pled guilty to all four counts and was sentenced to five years imprisonment on each count. All counts were ordered to be served concurrently. Petitioner did not appeal these convictions. The sentences for this case were discharged on September 23, 2001.

CF-1996-422: Count 1--Robbery with an Imitation Firearm. Petitioner was tried and convicted at a jury trial and sentenced to forty-six years imprisonment. This Court affirmed the Judgment and Sentence in Detwiler v. State, Case No. F-1997-1513 (Okl.Cr., Dec. 11, 1998) (unpublished).

CF-1996-423: Count 1--Robbery with a Firearm; and Count 2--Shooting with Intent to Kill. Petitioner was tried and convicted at a jury trial and sentenced to eighty-seven years imprisonment on Count 1, and life imprisonment on Count 2. Both counts were ordered to run consecutively with each other and with CF-1996-422. This Court affirmed the Judgments and Sentences in Detwiler v. State, Case No. F-1998-340 (Okl.Cr., Apr. 30, 1999) (unpublished). The District Court denied Petitioner's request for sentence modification on April 12, 2006.

CF-1996-482: Count 1--Assault and/or Battery with a Dangerous Weapon; and Count 2--Escape from Confinement. Petitioner pled guilty to both counts and was sentenced to ten years imprisonment on Count 1, and three years imprisonment on Count 2. The two counts were ordered to be served concurrently. Petitioner did not appeal these convictions. Petitioner's Count 2 sentence was discharged on January 28, 2000. His Count 1 sentence was discharged on October 14, 2006.

¶2 Notably, Petitioner's crimes in each of these cases occurred prior to the enactment of Section 13.1 of Title 21,[1] which requires persons convicted of certain enumerated crimes, including crimes committed by Petitioner, to serve not less than 85% of his or her sentence prior to becoming eligible for consideration for parole. Thus, the 85% Rule is not applicable to any of Petitioner's sentences enumerated above.

¶3 Petitioner argued to the court below that his sentences in the aggregate for crimes he committed as a juvenile violate the United States Constitution's Eighth Amendment as construed in Luna v. State, 2016 OK CR 27, 387 P.3d 956, and are subject to collateral attack. In an order filed June 15, 2018, the Honorable Tom L. Newby, Associate District Judge, denied Petitioner's post-conviction application finding Miller,[2] Montgomery[3] and Luna do not apply to Petitioner's case because he was not sentenced to life without parole or any functional equivalent. Judge Newby further found Petitioner is presently eligible for parole consideration, has previously been considered for parole, and will again be eligible for review.

¶4 On appeal, Petitioner contends the District Court in analyzing his claims failed to appropriately view his sentences from his separate cases collectively as a de facto life without parole sentence. He thus argues that the District Court's denial of his application was an unreasonable determination under Graham v. Florida, 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010), Miller, and Montgomery. To support his claim, Petitioner relies heavily on the Tenth Circuit's decision in Budder v. Addison, 851 F.3d 1047 (10th Cir. 2017), cert denied, Byrd v. Budder, ___ U.S. ___, 138 S. Ct. 475, 199 L. Ed. 2d 374 (2017). In Budder, the Tenth Circuit interpreted Graham and its progeny as applying to "all juvenile offenders who did not commit homicide, and [ ] prohibit[ing] . . . all sentences that would deny such offenders a realistic opportunity to obtain release" within their lifetime, Id. at 1053, "whether or not that sentence bears the specific label 'life without parole.'" Id. at 1057. Thus, based on this interpretation, the Budder court viewed the juvenile defendant's sentences for four non-homicide offenses in the aggregate as though they were one.

¶5 This Court recently addressed the Budder decision in Martinez v. State, 2019 OK CR 7, 442 P.3d 154. Noting this Court's "independent duty and authority to interpret decisions of the United States Supreme Court[,]" we disagreed with the Tenth Circuit's determination that it is "clearly established [law] that Graham applied to offenders with multiple crimes and multiple charges." Martinez, 2019 OK CR 7, ¶ 5, 442 P.3d 154, 155-56 (citing Budder, 851 F.3d at 1057).[4] We further observed that while Budder involved non-homicide offenses, Martinez's multiple crimes included first degree murder. Id., 2019 OK CR 7, ¶ 6, 442 P.3d at 156. Notwithstanding this distinction, the Court held "that where multiple sentences have been imposed, each sentence should be analyzed separately to determine whether it comports with the Eighth Amendment under the Graham/Miller/Montgomery trilogy of cases, rather than considering the cumulative effect of all sentences imposed upon a given defendant." Id. In reaching this determination, this Court observed that "even after Graham, Miller, and Montgomery, [juvenile] 'defendants convicted of multiple offenses are not entitled to a "volume discount" on their aggregate sentence.'" Id. at ¶ 6 (quoting Commonwealth v. Foust, 2018 Pa. Super. 39, 180 A.3d 416, 434 (2018)).

¶6 We likewise reach the same determination today. While Petitioner's multiple crimes, like Budder, are non-homicide offenses, this corresponding factor does not frustrate or cause this Court to vary its interpretation in Martinez of Graham and its progeny. The Supreme Court has not explicitly held that stacked sentences imposed in a juvenile case--whether homicide or non-homicide--should be reviewed in the aggregate when conducting an Eighth Amendment analysis. Moreover, Petitioner here asks this Court to go a step further and review his sentences from his multiple and unrelated cases in the aggregate.[5] This request is clearly beyond the bounds of the current law. We thus find, as we did in Martinez, that the Eighth Amendment analysis focuses on the sentence imposed for each specific crime, not on the cumulative sentence for multiple crimes. To do otherwise would effectively give crimes away. See O'Neil v. Vermont, 144 U.S. 323, 331, 12 S. Ct. 693, 696-97, 36 L. Ed. 450 (1892) (observing that "[i]f the penalty were unreasonably severe for a single offense, the constitutional question might be urged; but here the unreasonableness is only in the number of offenses which the respondent has committed.").

¶7 Graham, the applicable case in this matter, held a juvenile offender "may not be sentenced to life without parole for a nonhomicide crime." Graham, 560 U.S. at 74-75, 130 S. Ct. at 2020 (emphasis added). The Court provided that:

The Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide. A State need not guarantee the offender eventual release, but if it imposes a sentence of life it must provide him or her with some realistic opportunity to obtain release before the end of that term.

Id., 560 U.S. at 82, 130 S. Ct. at 2034 (emphasis added). Petitioner here has discharged his sentences in Case Nos. CF-1996-244 and CF-1996-482. As to his remaining two cases, Petitioner effectively received three separate parole-eligible life sentences under Oklahoma law--Case Nos. CF-1996-422 (46 years) and CF-1996-423 (87 years on Count 1 and life imprisonment on Count 2). Petitioner has been considered for parole on his 46-year sentence imposed in Case No. CF-1996-422. While Petitioner is not guaranteed eventual release, it is not because any one of the imposed penalties stemming from his multiple cases, when viewed separately, was unreasonably severe but because he committed multiple crimes on multiple occasions. See O'Neil, 144 U.S.at 331, 12 S. Ct. at 696-97 ("If [the defendant] has subjected himself to a severe penalty, it is simply because he committed a great many such offenses.").

¶8 We thus reject Petitioner's contention that his sentences viewed in the aggregate as though they were one constitute a de facto sentence of life without parole for crimes he committed as a juvenile. Based upon the length of each of Petitioner's sentences, viewed individually, and the current status of the law, we find that Petitioner has some meaningful opportunity to obtain release on parole during his lifetime. Petitioner's claim on post-conviction is thus denied.

DECISION

¶9 Petitioner's post-conviction appeal is DENIED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2019), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

APPEARANCES ON APPEAL 

 

 
 
 
 DEBRA K. HAMPTON
 HAMPTON LAW OFFICE
 3126 S. BLVD., #304
 EDMOND, OK 73013
 COUNSEL FOR PETITIONER
 
 
  
 
 
 
 
 NO RESPONSE FROM THE STATE
 
 
  
 
 
 

 

OPINION BY: HUDSON, J.
LEWIS, P.J.: DISSENT 
KUEHN, V.P.J.: DISSENT
LUMPKIN, J.: CONCUR
ROWLAND, J.: CONCUR

FOOTNOTES

[1] 1999 Okla.Sess.Laws Ch. 4 (HB 1008) § 30, available at http://www.oscn.net/applications/oscn/DeliverDocument.asp?CiteID=369137.

[2] Miller v. Alabama, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012) (holding the Eighth Amendment's cruel and unusual punishments clause forbids a sentencing scheme that mandates life in prison without the possibility of parole for all juvenile offenders).

[3] Montgomery v. Louisiana, 577 U.S. ___, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016) (holding Miller announced a new substantive rule of constitutional law that must be applied retroactively in cases on collateral review).

[4] Notably, the Tenth Circuit acknowledges that "the circuit courts do not agree as to what the Court held in Graham." Budder, 851 F.3d at 1053 n.4.

[5] In Garfield County District Court, Case No. CF-1996-422, Petitioner was convicted of robbing the Wilco E-Z Stop in Enid on August 25, 1996. In Case No. CF-1996-423, Petitioner and his co-defendant were convicted of robbing the Golden Corral Restaurant in Enid on August 27, 1996. During the robbery, Petitioner shot the restaurant manager.

LEWIS, PRESIDING JUDGE, DISSENTING:

¶1 I respectfully dissent. Petitioner's three consecutive sentences for his crimes of armed robbery and shooting with intent to kill, all committed when he was a juvenile, effectively consign him to imprisonment for his natural life without any meaningful opportunity to obtain release on parole based on demonstrated maturity and rehabilitation. This is a cruel and unusual punishment that violates the Eighth and Fourteenth Amendments. Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010).

¶2 I continue to operate on the assumptions that the Department of Corrections and the Oklahoma Pardon and Parole Board calculate parole eligibility for any sentence over 45 years, including a life sentence, as equivalent to 45 years; and that Petitioner is eligible for parole on a non-85% felony, committed before July 1, 1998, no later than the expiration of 1/3 of the sentence (15 years). 57 O.S.Supp.2018, § 332.7 (A)(1).

¶3 Petitioner is 40 years old, and has been in prison more than two decades, during which time he has discharged other sentences. He has been considered for, and denied parole, on his current 46 year sentence. If he discharges or obtains parole from this sentence, he must then serve at least 1/3 of each of his remaining consecutive life-equivalent sentences before he is eligible for parole. 57 O.S.Supp.2018, §332.7(I). From this, I infer that he faces a likely minimum of 30 more years of imprisonment before he has any meaningful opportunity for release based on his demonstrated maturity and rehabilitation.

¶4 Discounting the possibilities that (1) Petitioner receives parole on each of his remaining sentences on the earliest possible date, and (2) some five decades of imprisonment would have no negative impact on his current life expectancy (about age 80), I conclude that his chances of any meaningful opportunity to obtain actual release on parole someday are at best slim, and, more realistically, none.

¶5 Today's holding is a stark breach of the basic principles underlying the decision in Graham v. Florida. Graham recognized that juveniles as a class "have lessened culpability [and] are less deserving of the most severe punishments." 130 S.Ct. at 2026. By virtue of a juvenile's youth, immaturity, and incomplete cognitive and emotional development, "[i]t is difficult even for expert psychologists to differentiate between the juvenile offender whose crime reflects unfortunate yet transient immaturity, and the rare juvenile offender whose crime reflects irreparable corruption." Id., quoting Roper v. Simmons, 543 U.S. 551, 573. And juveniles "are more capable of change than adults." Id.

¶6 The Supreme Court in Graham concluded that "juvenile offenders cannot with reliability be classified among the worst offenders." Id. Graham thus recognized a categorical rule prohibiting a sentence of life imprisonment without the possibility of parole--the worst non-capital sentence in the law--for a juvenile offender who did not commit murder, i.e., the only crime deserving of a sentence of life without the possibility of parole.

¶7 The Court's "interpretation" of Graham today ignores these guiding principles. The only distinction here is between those juveniles serving life without parole for one non-homicide crime or two (in this case, three, not that it matters). The lack of any meaningful opportunity to obtain eventual release on parole based on demonstrated maturity and rehabilitation is the same.

¶8 Of course, the Eighth Amendment does not foreclose the possibility that juveniles convicted of non-homicide crimes "will remain behind bars for life." Graham, 130 U.S. at 2030. Corrections and parole officials may determine that some juvenile offenders are permanently incorrigible or irreparably corrupt, and must never be released. But the holding in Graham prohibits a sentencing regime which determines from the outset that juvenile offenders "never will be fit to reenter society." Id.

¶9 The Eighth Amendment thus gives "all juvenile non-homicide offenders a chance to demonstrate maturity and reform," and thereby earn their eventual release. Id., 130 S.Ct. at 2032. (emphasis added). Given what this Court can reasonably know about Petitioner's life expectancy, and the probable administration of his consecutive life-equivalent sentences by State officials, today's "independent" interpretation of Graham ratifies a cruel and unusual punishment that the Eighth Amendment categorically forbids.

¶10 I am authorized to state Vice Presiding Judge Kuehn joins in this dissent.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 2016 OK CR 27, 387 P.3d 956, LUNA v. STATE
Discussed
 2019 OK CR 7, 442 P.3d 154, MARTINEZ v. STATE
Discussed at Length
Oklahoma Session Laws - 1999
 Cite
Name
Level

 1999 O.S.L. 4(X), 1999 O.S.L. 4, [HB 1008] - An Act relating to criminal justice; establishing the Oklahoma Community Sentencing Act; defining terms; stating purposes of act; authorizing establishment of community sentencing advisory councils; establishing membership, etc.
Cited
Title 57. Prisons and Reformatories
 Cite
Name
Level

 57 O.S. 332.7, Persons Eligible for Consideration for Parole - Inquiry - Recommendation to Governor - Administrative Parole
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA